WILLIAM L. BRADLEY *vs.* HORATIO B. PINKHAM *et als.*

*Poor debtor's bond includes officer's fees.*

The fees of an officer for service of an execution by arrest of the defendant are properly included in "the sum due thereon," which is to be doubled to fix the penalty of the bond to be given by the debtor to obtain his release from such arrest, under R. S., c. 113, § 24.

ON EXCEPTIONS.

Debt on a bond given to obtain Pinkham's release from arrest on an execution against him in favor of the plaintiff issued by the superior court upon a judgment entered up November 29, 1872, for $144.66 debt, and $13.03 costs. He was arrested January 10, 1873, on the first execution, and the officer charged his fees for service at $2.90, which was included in the amount doubled to arrive at the penalty of the bond which was thus fixed at $321.48. No attempt at performance of either of its conditions was made but the defendants now contended that it was a common law bond and asked to have it chancered because the fees for arrest were included in determining the penal sum, whereas the statute R. S., c. 113, § 24, provides that this shall be only double the sum due on the execution.

The justice of the superior court, where this question arose, ruled that this was a good statute bond. The defendants excepted.

*Henry Orr*, for the defendants.

Under the former revision this would be a good statute bond ; but under the present one the phraseology is different and this is not conformable to the existing law. Nor does R. S., c. 113, § 25, help the plaintiff, since that only contemplates a miscalculation in doubling correct items, not the inclusion of improper items. *Ross* v. *Berry*, 49 Maine, 434 ; *Call* v. *Foster*, Id., 452. It is intended to cover mistake of fact, not errors of law.

The officer's fees are not due on the execution. They are independent of it, and are a debt from the plaintiff to the officer.

*Weston Thompson*, for the plaintiff.

The officer's fees for arrest upon an execution are part of the sum due thereon, and are to be included in the computation by which the penalty of the bond is determined. The R. S., of 1857, c. 113, § 22, provided that the bond should be for double the sum for which the debtor was arrested, which defendants' counsel admits includes service of the execution. That section was never amended till 1871, and the last revision adopts a different phraseology merely for condensation, not to effect a change of the law. The language of the precept expresses this idea. It commands him, besides the sums specifically named as debt and as costs up to the time of judgment, also to satisfy himself for his own fees out of the debtor's property taken on execution. Hence, they are part of the sum due thereon ; and the statute provides for their recovery in a suit on the bond. The variance is less than five per cent. of the execution; therefore, it is immaterial. Before the passage of the law of 1868 which is now R. S., c. 113, § 25, the inquiry was whether or not there was any variance from the true amount; now, it is how much is the variance, if any ; and if less than five per cent. it does not in any way affect the validity of the bond. It is absurd to say that a statute enacted because of the construction given in the cases in 49 Maine Reports did not change the law.

APPLETON, C. J. This is an action of debt on a poor debtor's bond given to obtain release from arrest on execution.

The bond is in double the amount of "the debt, interest, costs and fees arising on said execution." It is insisted that this is a bond at common law and therefore the subject of chancery because the officer's fees constitute a portion of the sum, in double of which the bond was given.

By R. S., 1857, c. 113, § 22, "when a debtor is arrested or imprisoned on execution issued on a judgment in a civil suit, he may be released by giving bond to the creditor in double the sum for which he is arrested or imprisoned," &c.

By R. S., c. 113, § 24, "when a debtor is arrested or imprisoned on execution, he may be released by giving bond to the creditor in double the sum due thereon," &c., one of the conditions of the statutory bond being to "pay debt, interest, costs and fees arising in said execution."

It is conceded that the bond would be a good statute bond under R. S., 1857. It is denied that it is so under the provisions of R. S., 1871.

The section (24) authorizing the giving of a bond for the release of a debtor from arrest or imprisonment on execution assumes a previous arrest or imprisonment from which release is thereby to be had. The officer, by the mandate of the execution after satisfying the debt and cost "of the goods, chattels or lands of the said debtor," is authorized to satisfy himself for his own fees, which are so far due that their payment is necessary for his discharge from arrest or imprisonment—or if a bond is given, one of its conditions is required to be, to "pay the debt, interest, costs and fees arising in said execution." In case the debtor fails to fulfill the condition of his bond, judgment in a suit thereon is to be rendered, by § 40, "for the amount of the execution, costs and fees of service, with interest thereon against all the obligors," &c.

The insertion of the officer's fees as a component part of a bond, one of the conditions of which, in case of forfeiture, is that they shall be paid, can hardly be regarded as destructive of its statutory character, especially when in case of suit on the bond, the statute requires that the judgment should include such fees.

The change in the phraseology of the statute was for the purpose of condensation, not for that of effecting any alteration in its meaning.                    *Exceptions overruled.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.